**AFFIRMED as MODIFIED and Opinion Filed October 25, 2018**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## Nos. 05-17-00644-CR
## 05-17-00645-CR
## 05-17-00646-CR

## ROBERT CASTILLO-DIAZ, Appellant
## V.
## THE STATE OF TEXAS, Appellee

**On Appeal from the 204th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause Nos. F16-41710-Q, F16-41711-Q, F16-41712-Q**

## MEMORANDUM OPINION

Before Justices Bridges, Francis, and Lang-Miers
Opinion by Justice Bridges

Appellant Robert Castillo-Diaz was indicted and pleaded guilty to three separate offenses involving a dispute with his ex-girlfriend: (1) aggravated assault with a deadly weapon,[1] (2) evading arrest,[2] and (3) aggravated assault of a public servant.[3] The trial court sentenced him to twenty years' confinement with $299 in court costs for aggravated assault with a deadly weapon, ten years' confinement with $249 in court costs for evading arrest, and twenty years' confinement with $299 in court costs for aggravated assault of a public servant. In his first issue, appellant

---

[1] Trial court cause number F16-41710-Q and appellate cause number 05-17-00644-CR.

[2] Trial court cause number F16-41711-Q and appellate cause number 05-17-00645-CR.

[3] Trial court cause number F16-41712-Q and appellate cause number 05-17-00646-CR.

challenges the denial of his motions for new trial. In his second issue, appellant argues the trial court improperly imposed court costs. In a cross issue, the State requests modification of the judgments to reflect deadly weapon and family violence findings. As modified, we affirm the trial court's judgments.

## Background

Appellant and Natalia Angeles dated for approximately four months in high school before the relationship ended.[4] The two remained in contact after breaking up through text messages. Sometime in August of 2016, the two hung out "just talking about life."

On the morning of September 28, 2016, appellant texted Angeles and asked to meet, but she was busy. Appellant drove to Angeles's home anyway. He then spray painted the surveillance camera facing the front door and waited.

Angeles was getting ready to leave her home and set the alarm. When she opened the front door, appellant pushed her back inside and hit her face with a brick. She fell to the ground, and appellant pulled a gun and pointed it at her face. Appellant eventually put the gun back in his pocket and begged Angeles not to tell anyone. Angeles went to the bathroom to see her face. She then opened a closet door, which triggered the house alarm.

Officer Joseph Gulbin responded to the alarm. Angeles told him appellant hit her with a brick. Appellant confirmed he hit her. Officer Gulbin told appellant he was arresting him and asked him to turn around. Appellant complied but then pulled the gun. Officer Gulbin ran from the house and called for back up. During that time, appellant fled out the back door, jumped the fence, and drove off in his truck. After a brief chase, which ended when appellant crashed into a car dealership, officers arrested him.

---

[4] At the time of the incident, appellant was eighteen years old and while the record is unclear as to Angeles's age when the incident occurred, she was nineteen years old at the time of trial.

Appellant entered open pleas of guilty and judicially confessed to the offenses. The trial court held a hearing to determine punishment.

Appellant testified he did not really plan for anything to happen. He was upset by Angeles's text message, and everything happened out of anger. He "wanted to take [his] fury, rage out, but [he] just lost control." He had the spray paint in his truck because he used it to protect the truck's chrome, not because he planned to spray paint the surveillance camera. He denied any problems with drugs or alcohol.

In arguing for probation, defense counsel emphasized appellant's youth, his stable family history, and lack of any criminal history. The court, however, believed appellant was a dangerous individual, who blamed Angeles for his violent outburst.

On January 26, 2017, appellant was sentenced to two twenty-year sentences and one ten-year sentence, to run concurrently, and assessed court costs.

On February 10, 2017, appellant filed motions for new trial asserting "new evidence regarding the circumstances and history of the individuals involved in this case." Defense counsel argued he noticed appellant's behavior during direct and cross-examination which was not exhibited during consultation and one-on-one interviews. He conceded "[t]hese behaviors did not give counsel rise to doubt the Defendant's competency, rather it gave Defendant's counsel reason to believe that the Court should have been provided with a full psychological evaluation from a licensed practitioner as part of its evidence, before considering the sentence in this case." He further asserted "to deny the court this information may constitute ineffective assistance of counsel." The State did not oppose the motions. The trial court denied the motions for new trial on February 14, 2017.

Defense counsel received a letter dated February 15, 2017, informing him that appellant retained new appellate counsel to represent him and asked defense counsel to not take further action in the cases.

On February 24, 2017, appellant's new counsel filed a notice of appeal "from the judgment and sentence filed January 26, 2017." The same day, she also filed motions to rescind the orders denying defendant's motions for new trial and filed motions for new trial on all three convictions.

The new motions asserted additional arguments for a psychological evaluation of appellant because his "unexplainable behavior on the day of the offense was so out-of-character as to require such expert assistance, even if only for mitigation in punishment." Further, the "signs of psychological instability [exhibited during] the commission of the crimes, would have prompted a reasonable attorney to seek expert assistance to determine if there were undiagnosed psychological conditions" that might have mitigated punishment.[5] The motions also alleged trial counsel was ineffective for neither seeking expert assistance regarding appellant's mental state nor requesting a continuance when it became clear during the punishment hearing that appellant's mental state was an issue. The record does not contain any rulings from the trial court on these motions.

## Motions for New Trial

Appellant and the State present different arguments on appeal based upon the two different motions for new trial. Appellant's arguments consist of various reasons he received ineffective assistance counsel during the punishment hearing—the arguments he presented, in part, in the February 24, 2017 motions for new trial. The State asserts appellant failed to present any "new" evidence entitling him to a new trial under article 40.001—the argument appellant relied on in his February 10, 2017 motions for new trial. TEX. CODE CRIM. PROC. ANN. art. 40.001. The State

---

[5] Defense counsel's affidavit attached to the motion for new trial stated, "[W]hen Robert took the stand, attempting to mitigate his sentencing through reasonable testimony and thoughtful explanation of his true 'lawful' nature and his future on probation, he did terribly. The Judge interpreted his testimony as flat and self-centered."

contends the scope of our review is limited to the first motions. Appellant does not directly address the State's concern but seems to rely on the fact that he filed the second motions pursuant to the rules of appellate procedure within thirty days of the issuance of his sentences.

Rule of appellate procedure 21 governs new trials in criminal cases. A defendant may file a motion for new trial no later than thirty days after the date when the trial court imposes or suspends sentence in open court. TEX. R. APP. P. 21.4(a). Within thirty days after the date when the trial court imposes or suspends sentence in open court but before the court overrules any preceding motion for new trial, a defendant may, without leave of court, file one or more amended motions for new trial. TEX. R. AP. P. 21.4(b). Thus, the overruling of a preceding motion for new trial terminates the time during which amendments are allowed. *See Starks v. State*, 995 S.W.2d 844, 845–46 (Tex. App.—Amarillo 1999, no pet.); *see also Silguero v. State,* No. 13-01-860-CR, 2005 WL 3214849, at* 3 (Tex. App.—Corpus Christi Nov. 30, 2005, pet. ref'd) (mem. op., not designated for publication); *Else v. State*, No. 05-99-00238-CV, 2000 WL 566962, at *7 (Tex. App.—Dallas Apr. 28, 2000, pet. ref'd) (not designated for publication).

Although appellant timely filed a motion for new trial, once the trial court denied his timely-filed motion, he could no longer file an amended motion for new trial. *See, e.g.*, *Else*, 2000 WL 566962, at *7 ("Because appellant's original motion for new trial had been overruled by the time appellant sought leave to file an amended motion, the time for filing an amended motion had expired and the trial court had no discretion to grant appellant leave to file an amended motion."). Perhaps aware of this procedural constraint, appellant filed motions to rescind the orders denying motion for new trial and asked the court to allow the filing of substantive new motions within thirty days. The same day, appellant filed amended motions for new trial without a ruling from the trial court on the motions to rescind.

The trial court's plenary jurisdiction to rescind its order denying the motions for new trial extended for seventy-five days following imposition of appellant's sentence. *See Awadelkariem v. State*, 974 S.W.2d 721, 728 (Tex. Crim. App. 1998), *overruled on other grounds by Kirk v. State*, 454 S.W.3d 511, 515 (Tex. Crim. App. 2015). The trial court never ruled on appellant's motions to rescind. Because the trial court never granted the motions to rescind its previous order denying appellant's motions for new trial, the trial court had no reason to consider the amended motions for new trial.

Importantly, appellant has not challenged the trial court's failure to rule on the motions to rescind. To the extent appellant states, "The trial court declined to act on these motions upon presentation," his assertion is made without any citation to the record, and there is no indication the trial judge was ever presented with the amended motions for new trial. *See* TEX. R. APP. P. 21.6; *Thompson v. State*, 243 S.W.3d 774, 776 (Tex. App.—Fort Worth 2007, pet. ref'd) ("In order to show presentment, the movant has the burden of showing that the motion for new trial was actually delivered to the trial court or showing that the motion was otherwise brought to the court's attention."). Because the trial court never rescinded its original February 14, 2017 orders denying the February 10, 2017 motions for new trial, the only appealable rulings at issue are those from the February 14, 2017 orders. Thus, our review is limited to whether appellant was entitled to a new trial based on new evidence pursuant to article 40.001 as raised by appellant in the February 10, 2017 motions for new trial.

Unfortunately, appellant presents nothing for our review. First, appellant's ineffective assistance of counsel arguments on appeal do not comport with the article 40.001 "new evidence" arguments presented in his February 10, 2017 motions for new trial. Because his complaints on appeal do not comport with a trial objection or motion, his complaints are waived. *See* TEX. R. APP. P. 33.1; *see, e.g., Smith v. State*, No. 05-96-00234-CR, 1998 WL 78777, at *2 (Tex. App.—

Dallas Feb. 20, 1998, no pet.) (not designated for publication) (argument on appeal did not comport with any objection or complaint raised in new trial motion). Second, appellant has not presented this Court with any arguments or legal authority challenging the February 10, 2017 orders; therefore, his brief does not comply with the rules of appellate procedure. *See* TEX. R. APP. P. 38.1(f), (i) ("brief must state concisely all issues or points presented for review" and "contain a clear and concise argument for the contentions made"). We overrule his first issue.

**Assessment of Costs**

In his second issue, appellant contends the trial court violated article 102.073 of the Texas Code of Criminal Procedure by assessing duplicative court costs in cause numbers F16-41710-Q and F16-41711-Q. The State agrees these costs should be deleted and the judgments modified accordingly.

Article 102.073 states that "[i]n a single criminal action in which a defendant is convicted of two or more offenses . . . , the court may assess each court cost or fee only once against the defendant." TEX. CODE CRIM. PROC. ANN. art. 102.073(a). The article further states that "each court cost or fee the amount of which is determined according to the category of offense must be assessed using the highest category of offense that is possible based on the defendant's convictions." *Id*. art. 102.073(b). Here, the court assessed costs in all three cases; however, appellant should have been assessed costs only in the aggravated assault on a public servant case, which as a first-degree felony, was the highest category offense. *Id*.; TEX. PENAL CODE ANN. § 22.02(b)(2)(B). We sustain appellant's second issue. We modify the judgments in cause numbers F16-41710-Q and F16-41711-Q to delete the assessment of costs. *See Oestreich v. State*, No. 05-17-00545-CR, 2018 WL 2949159, at *2 (Tex. App.—Dallas June 13, 2018, no pet.) (mem. op., not designated for publication); *Robinson v. State*, 514 S.W.3d 816, 828 (Tex. App.—Houston [1st Dist.] 2017, pet. ref'd).

## State's Cross-Issue

In a cross-issue, the State requests we modify the judgments to include a deadly weapon finding in each case and an additional finding of family violence in F16-41710-Q. When, as here, the record contains the necessary information to do so, the Court has authority to modify an incorrect judgment. TEX. R. APP. P. 43.2(b); *Abron v. State*, 997 S.W.2d 281, 282 (Tex. App.— Dallas 1998, pet. ref'd). We first note each judgment contains a deadly weapon finding on the second page of the judgment under "Furthermore, the following special findings or orders apply:." The judgment in F16-41710-Q also includes a finding of family violence under this same section. However, to resolve any ambiguity, we delete "N/A" under "Findings on Deadly Weapon:" in all three judgments and replace with "Yes, A FIREARM, BRICK" in F16-41710-Q; "Yes, AUTOMOBILE" in F16-41711-Q; and "Yes, A FIREARM" in F16-41712-Q. We further modify F16-41710-Q as follows: "Offense for which Defendant Convicted: AGGRAVATED ASSAULT/DEADLY WEAPON/FV."

## Conclusion

As modified, we affirm the trial court judgments.

/David L. Bridges/
DAVID L. BRIDGES
JUSTICE

Do Not Publish
TEX. R. APP. P. 47
170644F.U05

–8–



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

ROBERT CASTILLO-DIAZ, Appellant

No. 05-17-00644-CR          V.

THE STATE OF TEXAS, Appellee

On Appeal from the 204th Judicial District Court, Dallas County, Texas

Trial Court Cause No. F16-41710-Q.

Opinion delivered by Justice Bridges.

Justices Francis and Lang-Miers participating.

Based on the Court's opinion of this date, the judgment of the trial court is **MODIFIED** as follows:

Under "Offense for which Defendant is Convicted:," we **INCLUDE** a family violence finding such that the offense now states, "AGGRAVATED ASSAULT/DEADLY WEAPON/FV."

Under "Findings on a Deadly Weapon:," we **DELETE** "N/A" and **REPLACE** with "Yes, A FIREARM, BRICK."

Under "Court Costs:," we **DELETE** "$299.00."

As modified, the judgment of the trial court is **AFFIRMED**.

Judgment entered October 25, 2018.



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

ROBERT CASTILLO-DIAZ, Appellant

No. 05-17-00645-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the 204th Judicial District Court, Dallas County, Texas
Trial Court Cause No. F16-41711-Q.
Opinion delivered by Justice Bridges.
Justices Francis and Lang-Miers participating.

Based on the Court's opinion of this date, the judgment of the trial court is **MODIFIED** as follows:

Under "Findings on a Deadly Weapon:," we **DELETE** "N/A" and **REPLACE** with "Yes, AUTOMOBILE.

We **DELETE** "Court Costs: $249.00."

As modified, the judgment of the trial court is **AFFIRMED**.

Judgment entered October 25, 2018.



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

ROBERT CASTILLO-DIAZ, Appellant

No. 05-17-00646-CR        V.

THE STATE OF TEXAS, Appellee

On Appeal from the 204th Judicial District Court, Dallas County, Texas
Trial Court Cause No. F16-41712-Q.
Opinion delivered by Justice Bridges.
Justices Francis and Lang-Miers participating.

Based on the Court's opinion of this date, the judgment of the trial court is MODIFIED as follows:

Under "Findings on a Deadly Weapon:," we **DELETE** "N/A" and **REPLACE** with "Yes, A FIREARM."

As modified, the judgment of the trial court is **AFFIRMED**.

Judgment entered October 25, 2018.